Laura M. SKELTON, Plaintiff,

v.

Otis R. BOWEN, Secretary of Department of Health and Human Services, Defendant.

No. C81–2588A.

United States District Court, N.D. Ohio, E.D.

Aug. 31, 1987.

Laureen Moore, Stark County Legal Aid Soc., Canton, Ohio, for plaintiff.

Richard French, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

## ORDER

DOWD, District Judge.

Before the Court is the motion of the plaintiff, Laura M. Skelton, for payment of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412(d). The plaintiff has requested

compensation for her attorney in the amount of $75.00 per hour for the 34.6 hours her attorney, Laureen Moore, expended in prosecuting the plaintiff's claim for social security benefits. The defendant, the Secretary of Health and Human Services, has opposed the plaintiff's motion. For the reasons that follow, the Court grants the plaintiff's motion, and awards attorneys' fees to her attorney, Laureen Moore.

In the memorandum in opposition to the plaintiff's motion, the Secretary argues that his decision is "substantially justified" within the meaning of 28 U.S.C. Section 2412(d)(1)(A). The Secretary argues that the standard in the Sixth Circuit for whether the Secretary's position was "substantially justified" is essentially whether the Secretary's position was reasonable. *Trident Marine Construction, Inc. v. District Engineer*, 766 F.2d 974, 980 (6th Cir.1985). The Sixth Circuit, however, in the wake of the recent amendments to the EAJA, has held that the standard for determining whether the Secretary's position was substantially justified is more than mere reasonableness; "[i]nstead, the Government's position must be firmly grounded or solidly based in law and fact." *Riddle v. Secretary of Health and Human Services*, 817 F.2d 1238, 1244 (6th Cir.1987). Prior to *Riddle*, several District Courts, including this Court, have questioned whether the reasonableness standard as articulated in *Trident Marine* remains the standard after the recent amendments to the EAJA. *See Weber v. Weinberger*, 651 F.Supp. 1379, 1387–88 (W.D.Mich.1987); *Holden v. Heckler*, 615 F.Supp. 686, 687–89 (N.D.Ohio 1985) (Aldrich, J.). The Court is aware that a majority of the judges of the Sixth Circuit Court of Appeals have voted to rehear the *Riddle* case *en banc*. Notwithstanding the rehearing *en banc*, the Court is inclined to grant the plaintiff's motion, because even under a reasonableness standard, the Court finds that the Secretary cannot demonstrate that his position was substantially justified.

A review of the procedural history of this case establishes that the Secretary's position was not reasonable. The ALJ originally determined that the plaintiff was unable to perform her past relevant work. The ALJ then determined that the plaintiff was capable of performing sedentary work, and applying the medical vocational guidelines, based on the plaintiff's age and other factors, the ALJ concluded that the claimant was not disabled. The appeals council indicated that it had made a "careful study" of the claimant's case, and adopted the ALJ's recommended decision as the final decision of the Secretary.

On appeal, this Court, based on the recommendation of the Magistrate, remanded the case to the Secretary. The Court remanded the case because the ALJ's findings failed to explain why the ALJ had given the consulting physician's opinion greater weight than the opinions of the claimant's treating physicians, and failed to explain basis for the ALJ's finding that the claimant had the residual functual capacity to perform sedentary work.

On remand, the ALJ explained the basis for his findings, in compliance with the Court's remand order. In the meantime, however, the plaintiff had grown older, and the ALJ, applying the medical vocational guidelines, concluded that the claimant was not disabled at the time she was less than 50 years old, but was disabled after she became 50 years old. The appeals council decided to review the ALJ's second recommended decision. The appeals council rejected the ALJ's finding that the claimant was unable to return to her past work, and concluded that the claimant could perform her past relevant work. In this way, the appeals council avoided the need to resort to the medical vocational guidelines. The appeals council concluded that plaintiff was not disabled.

On appeal for the second time, the Court found that the appeals council exceeded the Court's remand order when it found that claimant was capable of performing her past relevant work. The Court noted thaat the appeals council was inconsistent in its review, because it originally agreed with the ALJ's determination that the claimant could not perform her past relevant work in the original proceedings, but changed its mind and disagreed with the ALJ after

remand by this Court. The Court found that the Secretary's earlier decision constituted law of the case, because the Court had implicitly affirmed that decision. The Court found that the Secretary's second attempt to review the claimant's ability to perform her past relevant work violated the law of the case, and was thus without legal effect.

Based on the history of this case, the Court concludes that the Secretary's position in overruling the ALJ and acting inconsistently with its own prior decision was not reasonable. The conduct of the appeals council suggests that the Secretary attempted to reshuffle the cards after the plaintiff was dealt a winning hand. This type of conduct is unfair, and is especially egregious when it violates spirit of the Court's remand order. The Court concludes that even under a reasonableness standard, the position of the Secretary in reversing the decision of the ALJ at the appeals council level was unreasonable, and the position of opposing the plaintiff's appeal as the Secretary did at the District Court level was also unreasonable. Accordingly, the Court finds that the Secretary's position was not substantially justified within the meaning of the EAJA. The Court awards attorneys' fees to the plaintiff pursuant to the EAJA.

The plaintiff's attorney has filed an affidavit in support of the motion for attorneys' fees. The affidavit establishes that Laureen Moore is licensed to practice law before the Court and that she expended 34.6 hours prosecuting the plaintiff's claim for benefits. The Court finds that the plaintiff and the plaintiff's attorney have properly supported the motion. Accordingly, the Court orders the payment of attorneys fees, for 34.6 hours worked at the rate of $75.00 per hour, to attorney Laureen Moore. Accordingly, the Court orders payment of attorneys fees pursuant to the EAJA in the amount of two thousand, five hundred ninety-five dollars ($2,595.00).

IT IS SO ORDERED.